UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED L. GODSEY, #212818

       Plaintiff,                        CASE NO. 04-74888

   vs.                                   HONORABLE NANCY G. EDMUNDS
                                          HONORABLE STEVEN D. PEPE

CRAIG HUTCHINSON, ET. AL,

       Defendants.

### REPORT AND RECOMMENDATION

Fred Godsey, Plaintiff, is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff filed a civil rights complaint against the MDOC and several individual Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. Defendant MDOC filed a Rule 12(b)(6) Motion to Dismiss (Dkt. #5), and Defendants Caruso and Burt have filed a Rule 56(b) Motion for Summary Judgment (Dkt. #6). All pretrial proceedings were referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A),(B). For the following reasons, IT IS RECOMMENDED that MDOC's Motion to Dismiss be GRANTED, and the complaint be DISMISSED against the individual Defendants WITHOUT PREJUDICE.

I.    BACKGROUND

On September 14, 2000, Plaintiff was sentenced to prison for twelve to twenty-five years as an accessory after the fact to a felony. On October 3, 2002, Plaintiff was given the drug PEG-Intron/Rebetol for treatment of Hepatitis C. No follow-up blood work was done, and on December 19 and December 23, 2002, Plaintiff was admitted to a hospital for complications he

claims resulted from the drug therapy, including kidney failure, liver failure, bone marrow damage, rapid weight loss, anemia, and ongoing pain, suffering, and emotional distress. Plaintiff alleges that Defendants provided negligent medical care constituting cruel and unusual treatment in violation of the Eighth Amendment to the U.S. Constitution, and a violation of Plaintiff's Right to Due Process and/or Equal Protection under the Fourteenth Amendment.

Plaintiff filed suit on December 15, 2004. On January 7, 2005, Judge Nancy Edmunds referred the case to the undersigned to conduct all pretrial proceedings. On January 18, 2005, MDOC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On January 25, 2005, Caruso and Burt filed a motion for summary judgment. The remainder of the Defendants have not answered the complaint, and it is unclear whether they have been properly served.

II.   ANALYSIS

    A.   MDOC'S MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) allows Defendant to move for dismissal of a claim if complaint fails "to state a claim upon which relief can be granted." In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations as true and construe them in the light most favorable to Plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 117 (1990); *see also Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A court may decide a motion to dismiss only on the basis of the pleadings. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). Dismissal is appropriate if the

complaint fails to set forth an allegation of a required element of a claim. *See Craighead v. E.F. Hutton & Co.*, 899 F.3d 485, 489-90 (6th Cir. 1990).

The Eleventh Amendment to the United States Constitution grants states absolute immunity from suit unless the state consents to the suit or Congress abrogates the Amendment under Section 5 of the Fourteenth Amendment. *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472-74 (1987); *Hans v. Louisiana,* 134 US 1, 9 (1890) (finding that the Eleventh Amendment bars suit against a state even by its own citizens). The Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), that 42 U.S.C. § 1983 does not abrogate the doctrine of absolute state immunity.

In the present matter, MDOC is an agency of the State of Michigan, and protected by the doctrine of state immunity. *See Welch*, 483 U.S. at 472-74. They have not consented to suit, nor has Congress abrogated immunity in any relevant statutory provision. *See Will*, 491 U.S. 58. MDOC is therefore entitled to absolute immunity, and Plaintiff has failed to state a claim against them. Thus, MDOC's 12(b)(6) motion to dismiss should be granted, and MDOC should be removed from the present lawsuit. *See Cooper v. Parrish,* 203 F.3d 937 (6th Cir. 2000) (upholding 12(b)(6) dismissal when Defendant entitled to immunity).

B.   DISMISSAL OF THE REMAINDER OF THE DEFENDANTS

The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April 26, 1996, requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions. 42 U.S.C. § 1997e(a). This requirement applies to all § 1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. § 3626(g)(2)." *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999)

(footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim). That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

18 U.S.C.A. § 3626(g)(2).

Pursuant to § 1997e(a), a prisoner may not bring a civil rights action regarding prison conditions unless administrative remedies have been exhausted. The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process. *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001). The Sixth Circuit has applied the requirements of the PLRA to hold that a prisoner who files a §1983 claim involving prison conditions must *allege* and *show* that he has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). That Court has treated "exhaustion" as a substantive element of a prisoner's § 1983 claim and has interpreted § 1997(3)(a) as creating a heightened pleading requirement so that when filing a civil complaint regarding prisoner conditions, "a prisoner must plead his claims with specificity and show that they have been exhausted by *attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the*

*administrative proceeding and outcome.*"  *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (emphasis supplied).  Failure to demonstrate exhaustion *with the complaint* will result in dismissal for failure to state a claim.  *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).  The District Court may dismiss the complaint on its own initiative for failing to conform with 42 U.S.C. § 1997e(a). *See id.*  Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can address the claims before a suit is brought in federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Prisoners are not only required to demonstrate exhaustion of any claims with the complaint, *Baxter*, 305 F.3d at 489, they must name all of the individual defendants in a Step I grievance and then proceed through the remaining grievance appeals in order to completely exhaust their administrative remedies. *Burton v. Jones*, 321 F3d. 569, 575 (2003) ("Thus, for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct *on the part of the defendant at Step I of the grievance process*.") (emphasis added); *Curry*, 249 F.3d at 505.

In  *Jones-Bey v. Johnson,* 407 F.3d at 805 (6th Cir. 2005) the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. § 1997e.  Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies.  District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process. A prisoner whose complaint containing both exhausted and unexhausted claims has been dismissed may bring forth each exhausted claim one at a time, at potentially greater expense to himself, or wait

5

until all claims are exhausted and then bring them together in one action. *Id.* at 808.

Prisoners within the Michigan Department of Corrections must go through a three-step grievance process. MDOC Policy Directive 03.02.130. In the present case, Plaintiff failed to attach any evidence of administrative exhaustion to his complaint. This alone is sufficient grounds for dismissal of Plaintiff's claims. *See Baxter*, 305 F.3d at 489. Defendants, although not required to do so, submitted documentation regarding the Plaintiff's grievances. Although it does appear that Plaintiff exhausted at least three grievances after the incident, the only individual Defendant named in any of the grievances is Dr. Craig Hutchinson. Yet, under the Total Exhaustion Rule adopted in *Jones-Bey,* the failure to exhaust administrative remedies relating to any part of the complaint mandates dismissal of the entire complaint. 407 F.3d at 805.

### III. RECOMMENDATION

Due to the aforementioned reasons, it is Recommended that DEFENDANT MDOC's Motion to Dismiss be GRANTED, and the remainder of Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE against the individual Defendants.

The parties to this action may object to and seek review of this report and recommendation, but are required to file any objections by September 13, 2004, pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich.

LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 21, 2005                           s/STEVEN D. PEPE
Ann Arbor, Michigan                           UNITED STATES MAGISTRATE JUDGE


Certificate of Service

I hereby certify that on June 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: John Thurber, and I further certify that I mailed a copy to the following non-ECF participant(s): Charles Fleck and Ina O'Briant.

                                               s/William J. Barkholz
                                               Courtroom Deputy Clerk